[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-17660
Non-Argument Calendar
_____

D.C. Docket No. 1:11-cr-20635-RNS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ENRIQUE VINALES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(October 5, 2017)

Before TJOFLAT, WILLAM PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

Enrique Vinales appeals his 150-month total sentence, imposed at the high-end of the applicable guidelines range, at resentencing.  On appeal, Vinales argues that his sentence was substantively unreasonable because, by not considering his post-sentencing rehabilitation, the district court failed to adequately consider the 18 U.S.C. § 3553(a) factors under the totality of the circumstances, and sentenced him as he stood before the court on the day of sentencing rather than resentencing.

We review a district court's final sentence for reasonableness.  *United States v. Winingear*, 422 F.3d 1241, 1244–45 (11th Cir. 2005).  Reasonableness review is similar to a deferential abuse of discretion standard.  *Gall v. United States*, 552 U.S. 38, 41 (2007).

The district court must impose a sentence "sufficient, but not greater than necessary to comply with the purposes" listed in 18 U.S.C. § 3553(a)(2), including the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public from the defendant's future criminal conduct.  18 U.S.C. § 3553(a)(2).  In imposing a particular sentence, the court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims.  18 U.S.C. § 3553(a)(1), (3)–(7).  The Supreme Court has held that a defendant's rehabilitation following his prior

2

sentencing is relevant to the district court's inquiry; however, the Court emphasized that the district court is not required to reduce a defendant's sentence based upon a showing of post-sentencing rehabilitation. *Pepper v. United States*, 562 U.S. 476, 490, 505 n.17 (2011).

In reviewing the reasonableness of a sentence, we follow a two-step process. First, we ensure that the sentence was procedurally reasonable. *Gall*, 552 U.S. at 51. Second, we examine whether the sentence was substantively reasonable in light of the totality of the circumstances. *Id.* A sentence is substantively reasonable if, under a totality of the circumstances, it achieves the purposes of § 3553(a). *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008). The party challenging the sentence bears the burden to show it is unreasonable in light of the record and the § 3553(a) factors. *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010). We ordinarily expect that a sentence within the guidelines range is reasonable. *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008). A sentence well below the statutory maximum is also indicative of reasonableness. *United States v. Dougherty*, 754 F.3d 1353, 1362 (11th Cir. 2014). We reverse only if left with the "firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (*en banc*) (quotation omitted).

The record illustrates that the district court imposed a substantively reasonable sentence after explicitly considering Vinales's post-sentencing rehabilitation and diminished intellectual capacity, and properly weighed those factors against the other § 3553(a) factors, including Vinales's extensive criminal history involving drug trafficking and his high-level role in the underlying offense. 18 U.S.C. § 3553(a); *Pepper*, 131 S. Ct. at 1241; *Pugh*, 515 F.3d at 1191.  Thus, we are not left with a "firm conviction that the district court committed a clear error of judgment" in arriving at Vinales's 150-month sentence.  *Irey*, 612 F.3d at 1190.  Accordingly, we affirm.

**AFFIRMED.**